PETERS, J.,
concurring.
hi agree with the opinion rendered herein that the petition of Teche Financial Services, Inc. (Teche) does not state a cause of action because it fails to state any facts that would establish it has sustained any damages — an element of its burden of proof. While joining in that opinion, I submit that the record reflects other reasons that the trial court’s grant of the exception of cause of action should be upheld.
As pointed out in the opinion rendered, we must accept all well-pleaded allegations of fact in the petition as true. Crochet v. Cisco Sys. Inc., 02-1357 (La.App. 3 Cir. 5/28/03), 847 So.2d 253. Long before we get to the issue of damages, we must recognize that there are no allegations of fact in the petition that establish a cause of action in any respect. With regard to liability, Teche’s petition asserted that *655 “[t]he defendant, STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF MOTOR VEHICLES, was negligent, reckless, and/or intentionally frauded [sic] the plaintiff herein by transferring a title on which they had a legal mortgage and lien” — nothing more. These assertions are conclusions and not facts upon which to base a cause of action.
Thus, the petition fails to state a cause of action as to liability and damages. Although the circumstances surrounding Teche’s effort or lack of effort to enforce its 12lien after cancellation were argued by both parties to this litigation, we are precluded from considering those factual assertions because, an pointed out in the released opinion, they are not alleged as a part of the petition. Thus, Teche’s petition is defective in all respects and the trial court did not err in granting the exception of no cause of action. However, as pointed out in the released opinion, Teche should have the opportunity, pursuant to La.Code Civ.P. art. 934, to amend its petition to state a cause of action if it can.